UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FREDERICK SCHLOTTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 11-752 (RJL) |
| | ) | |
| HILDA L. SOLIS, *in her official capacity* | ) | |
| *as* SECRETARY, U.S. DEPARTMENT | ) | **FILED** |
| OF LABOR, | ) | |
| | ) | FEB 2 7 2012 |
| Defendant. | ) | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

## MEMORANDUM OPINION
(February 26, 2012) [Dkt. # 10]

Plaintiff, Frederick Schlottman ("Schlottman"), brings this action against Hilda L. Solis, in her official capacity as Secretary of the United States Department of Labor (the "defendant"), seeking damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for discrimination and retaliation. Before the Court is the defendant's Motion to Dismiss, or Alternatively, for Summary Judgment. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff was hired by the Department of Labor in April 2008 as a Legislative Analyst. Compl. ¶ 7. On July 20, 2008, in a letter to his supervisor, plaintiff complained that his Division Chief was creating a hostile work environment, and on September 30, 2008, he criticized his Division Chief in a report. *Id.* ¶¶ 8-10. On January 15, 2009, while still a probationary employee, plaintiff received a removal notice, advising him that he was being terminated for unsatisfactory performance effective January 31, 2009. *Id.* ¶ 11; Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 3; Def.'s Ex. 1, Notice of Termination During Probation Period, at 1. The removal notice stated that plaintiff had the right to challenge his termination if he believed it was based on political affiliation, marital status or discrimination by directly appealing to the Merit Systems Protection Board ("MSPB") within twenty days of the effective date of his removal.[1] Pl.'s Opp'n at 3; Def.'s Ex. 1 at 1.

On January 31, 2009, Schlottman filed with the Office of the Special Counsel ("OSC") a whistleblower complaint, which was dismissed on April 6, 2009 for failure to allege action protected by the Whistleblower Protection Act ("WPA"). Compl. ¶¶ 13 & 14. On June 4, 2009 Schlottman appealed the OSC determination to the MSPB and filed

---

[1] The notice incorrectly stated that plaintiff had twenty days, when in fact, plaintiff had thirty days to file his direct appeal to the MSPB. Pl.'s Opp'n at 4 n.2. Additionally, a probationary employee may only appeal directly to the MSPB if he appeals his termination both on marital status or political status grounds and on discrimination grounds. 5 C.F.R. § 1201.3(a)(8); 5 C.F.R. § 315.806(b)-(d).

a "mixed case" appeal, alleging his termination involved reprisal for both whistleblowing and discrimination.[2]  *Id.* ¶¶ 15 & 17.  The MSPB dismissed the appeal on August 19, 2009 for lack of jurisdiction, and the decision became final on September 23, 2009.  *Id.* ¶ 16; Def.'s Ex. 5, MSPB Initial Decision, at 1 & 6.  Schlottman also initiated an informal Equal Employment Opportunity ("EEO") complaint with the Department of Labor on February 4, 2009, alleging discrimination and reprisal.  Pl.'s Opp'n at 5 & 9; Def.'s Ex. 2, Informal Discrimination Complaint, at 1.  On May 1, 2009, Schlottman received notice of his right to file a formal EEO discrimination complaint, which had to be filed within fifteen days of receipt of the notice.  Pl.'s Opp'n at 6; Def.'s Ex. 3, Notice of Right to File Discrimination Complaint, at 1; 29 C.F.R. § 1614.106(b).  On September 17, 2009, Schlottman filed his formal EEO complaint with the Department of Labor, who dismissed it as untimely on October 29, 2009.  Compl. ¶¶ 17 & 18.  Schlottman appealed the dismissal to the Equal Employment Opportunity Commission, arguing "that his complaint was timely filed under the 'savings clause' of the mixed-case statute, 5 U.S.C. § 7702(f)."  Compl. ¶ 20.  On December 27, 2010, the Commission denied plaintiff's appeal, and then, denied plaintiff's request for reconsideration on March 21, 2011.  Compl. ¶ 21.

On April 20, 2011, Schlottman initiated the instant action seeking reinstatement

---

[2] In his MSPB Appeal Form, plaintiff indicated that the alleged discrimination was based on marital status or political affiliation.  Def.'s Ex. 4, MSPB Appeal Form, at 6.  Plaintiff now, however, states that this was an "inadvertent" mistake.  Pl.'s Opp'n at 6 n.3.

and back pay, compensatory damages and attorneys' fees for relief from discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Compl. ¶¶ 1 & 2.

## STANDARD OF REVIEW

Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6).[3] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotation marks omitted) (alteration in original). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). The court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The court may, however, consider "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

---

[3] "[A] Rule 12(b)(6) motion to dismiss for 'failure to state a claim upon which relief can be granted' is the appropriate vehicle to challenge an alleged failure to exhaust." *Rosier v. Holder*, No. 10-cv-525, 2011 WL 2516152, at *2 (D.D.C. June 24, 2011) (citing *Artis v. Bernanke*, 630 F. 3d 1031, 1034 n.4 (D.C. Cir. 2011)).

4

## ANALYSIS

Defendant moves to dismiss plaintiff's claims for failure to state a claim and failure to exhaust administrative remedies. Plaintiff alleges that he properly exhausted his administrative remedies and timely filed a mixed case appeal. Compl. ¶¶ 12-22; Pl.'s Opp'n at 8-17. Defendant argues that plaintiff did not file a mixed case appeal, but even if he did, his claims were not preserved by the savings clause because the appeal was not timely. Def.'s Mot. to Dismiss at 6-10; Def.'s Reply at 1-4. Plaintiff counters that defendant failed to properly inform him of his rights to appeal. Pl.'s Opp'n at 17-20. Despite these arguments, this Court finds that under any scenario, plaintiff did not exhaust his administrative remedies, and therefore, his claims must be dismissed.

Before suing under Title VII in district court, an aggrieved party must exhaust his administrative remedies. *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832-33 (1976)). Plaintiff had two administrative channels to challenge his termination as discriminatory. He could file an EEO complaint with the Department of Labor alleging "discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.103(a). If a plaintiff elects to proceed in this forum, he first must file an informal complaint with his employment agency within forty-five days of the effective date of the challenged action, and then, if notified by the agency of his right to do so, file a formal complaint within fifteen days after notification. 29 C.F.R. § 1614.105(a); 29 C.F.R.

§ 1614.106(a)-(b).  Alternatively, plaintiff had the right to directly appeal his termination to the MSPB challenging his termination as based on marital status or political activities, or on grounds of improper procedure, while simultaneously challenging the termination as discriminatory.  5 C.F.R. § 315.806(b)-(d).  If a plaintiff elects this second option, he must file his direct appeal within thirty days of the effective date of the challenged action. 5 C.F.R. § 1201.154(a).  Either way, however, plaintiff must fully and timely exhaust all administrative remedies within that option.  29 C.F.R. § 1614.302(b); *Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 63 (D.D.C. 2011).  Unfortunately for Schlottman, even taking as true all of the allegations in his complaint, his claims must be dismissed as untimely.

Schlottman did not file a formal EEO complaint until September 17, 2009, four months after the May 16, 2009 deadline to file expired.  Similarly, Schlottman missed the deadline to file an MSPB discriminatory appeal by not filing the appeal until June 4, 2009, three months after the March 2, 2009 deadline.  Schlottman, however, alleges that he timely exhausted his administrative remedies because he filed a "mixed case appeal," preserving his claims under the "savings clause" of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7702.[4]  Compl. ¶ 17; Pl.'s Opp'n at 1 & 10.

---

[4] Plaintiff additionally argues that he was not adequately informed of his rights to appeal. Pl.'s Opp'n at 17-20.  However, plaintiff was informed of his right to appeal to the MSPB in the Notice of Termination During Probation Period (Def.'s Ex. 1) and of his right to file an EEO complaint in the Notice of Right to File Discrimination Complaint (Def.'s Ex. 4).  This Court also notes that plaintiff had the assistance of counsel in navigating the administrative framework.

Under the CSRA, a "mixed case" is defined as "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination." *Butler v. West,* 164 F.3d 634, 638 (D.C. Cir. 1999) (citing 5 U.S.C. § 7702). A "mixed case appeal" is

> [A]n appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information.

29 C.F.R. 1614.302(a)(2). Under the CSRA savings provision, "when an employee files his or her mixed-case appeal in a timely manner, but with the wrong agency, the proper agency must treat the appeal as having been timely filed there." *Frank v. Ridge,* 310 F. Supp. 2d 4, 9 (D.D.C. 2004) (citing *Miller v. Dep't of Army,* 987 F.2d 1552, 1555 (Fed. Cir. 1993)), *aff'd sub nom. Frank v. Chertoff,* 171 F. App'x 860 (D.C. Cir. 2005).[5] But, the mixed case appeal must nevertheless be filed within thirty days of the challenged action—here, plaintiff's termination on January 31, 2009. 5 C.F.R. § 1201.154(a).

Here, even assuming that plaintiff filed a mixed case appeal with the MSPB, the savings provision does not apply because it requires that the mixed case appeal be timely

---

[5] The CSRA savings provision states, "[i]n any case which an employee is required to file any action, appeal, or petition under this section and the employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely filed the action, appeal, or petition as of the date it is filed with the proper agency." 5 U.S.C. § 7702(f).

filed. Since neither plaintiff's appeal to the MSPB nor his appeal to the EEOC was timely filed, his case must be dismissed.[6]

## CONCLUSION

For all of the foregoing reasons, the defendant's Motion to Dismiss is GRANTED. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

---

[6] Although plaintiff's whistleblower complaint was timely, unfortunately for plaintiff, the savings provision only applies to complaints filed pursuant to 5 U.S.C. § 7702, not to whistleblower complaints filed under 5 U.S.C. § 1221. Because plaintiff's complaint to the OSC included only allegations of whistleblowing, it was not a mixed case complaint. 29 C.F.R. § 1614.302(a)(1) (definition of mixed case complaint). Further, plaintiff's appeal of the OSC decision was reviewable by the MSPB only on grounds of whistleblowing, and thus, its mixed case jurisdiction was not invoked. *Newcastle v. Dep't of Treasury*, 94 M.S.P.R. 242, 246 (2003) ("[Individual Rights of Appeal ("IRA")] appeals under the WPA are not subject to the provisions of 5 U.S.C. § 7701 or § 7702, and the Board, therefore, lacks jurisdiction to adjudicate the merits of the personnel action at issue in an IRA appeal and lacks the authority to decide, in conjunction with an IRA appeal, the merits of an appellant's allegation of prohibited discrimination." (citation omitted)).